### GOOD v. STANSBERRY.   (No. 1925.) *

(Court of Civil Appeals of Texas.   Amarillo.
March 15, 1922.   Rehearing Denied
April 19, 1922.)

1. **Continuance** ⊗⟲19, 46(10)—**Overruling motion for continuance not error.**

Overruling application for continuance for absence of a nonresident codefendant, where no diligence to get his deposition was shown, and application did not state that appellant had a reasonable expectation of securing his presence at the next term of court, was not error.

2. **Parties** ⊗⟲84(6) — **Plea in abatement because of nonjoinder of parties held insufficient.**

In a suit by a vendor against an assignee of a purchaser to enforce a vendor's lien, a plea in abatement for nonjoinder of parties alleged to have an outstanding title in the land, without setting out their interest therein, was insufficient.

3. **Vendor and purchaser** ⊗⟲280(1)—**Offer by vendor suing to enforce lien to repay purchase money and money expended for improvements and taxes held not necessary.**

In a suit by a vendor against an assignee of a purchaser to recover the land or to enforce a vendor's lien, where the record did not show payment of purchase money, taxes, or that improvements were made by the purchaser or his assignee, an offer by the vendor to refund money so paid was not necessary.

4. **Vendor and purchaser** ⊗⟲280(1) — **Vendor may plead and pray in alternative for return of land or foreclosure of lien.**

In a suit by a vendor on a vendor's lien, against the assignee of a purchaser, plaintiff

may plead and pray in the alternative for a return of the land or for a foreclosure of the lien.

**5. Vendor and purchaser ⊚⟑281(2)—Notes for price of land and deed to purchaser admissible in suit on vendor's lien.**

In a suit by a vendor on a vendor's lien, against an assignee of a purchaser, notes for the purchase price and a deed tō the purchaser were admissible to show the conveyance and default in payment of the notes, regardless of an allegation of defendant that the vendor had not perfected his title according to his agreement with the purchaser.

**6. Evidence ⊚⟑317(4) — Exclusion of statements of a purchaser about his contract with his vendor held proper.**

In a suit by a vendor against an assignee of a purchaser on a vendor's lien, testimony of the assignee of what the purchaser told him concerning the purchaser's contract with the vendor was hearsay and was properly excluded.

**7. Vendor and purchaser ⊚⟑281(2) — Testimony by assignee of purchaser as to terms of contract between him and purchaser properly excluded in vendor's action on lien.**

In a suit by a vendor on a vendor's lien against the assignee of a purchaser, exclusion of testimony by the assignee concerning the terms of his contract with the purchaser and as to what had been done by him and the purchaser under the terms of the contract was not error, since it had no effect on the rights of the vendor.

**8. Trial ⊚⟑26—Refusal of adjournment to obtain evidence held not error.**

Where a motion to postpone the trial until 9 o'clock of the following day to enable a party to get evidence did not show how the evidence could be material to the case, or that the party was surprised by the absence of the testimony, or that he had tried to take depositions of absent witnesses, and no reason for failure to have the evidence was given, refusal of a continuance was within the discretion of the trial judge.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

Suit by J. H. Stansberry against J. D. Good and another. From a decree against defendant Good on his cross-action, and vesting title to certain premises in plaintiff, the named defendant appeals. Affirmed.

Will Crow, of Canadian, for appellant.
Hoover, Hoover & Willis, of Canadian, for appellee.

HALL, J. The appellee, Stansberry, sued Clarence Gatlin, a resident of Oklahoma, and J. D. Good, a resident of Hutchinson county, alleging that on January 25, 1915, Gatlin executed and delivered to him two certain promissory notes, dated January 12, 1915, for the sum of $1,420 each, due, one 30 months and the other 24 months after date, and at the same time the said Stansberry executed and delivered to the said Gatlin his certain deed, conveying the lands described therein, in which said deed a vendor's lien was retained to secure the payment of said notes. Stansberry further alleged that he was the owner of the notes; that they were past due and unpaid, and that he had elected to recover the land and premises by reason of such default in the payment of said notes; that since he conveyed said land to Gatlin the latter had conveyed all his equity therein to the appellant, Good, subject to the vendor's lien. By a second count he alleged, in substance, that Good was asserting and claiming certain equities in and to the land in question by reason of the conveyance from Gatlin. He prayed for title and possession of the land and in the alternative for foreclosure of the vendor's lien and order of sale. The appellant, Good, answered by general demurrer and general denial, and specially pleaded by way of cross-action against Stansberry and Gatlin, alleging that Gatlin entered into the contract of sale described in the petition, and by its terms and conditions Gatlin was to go into immediate possession of the land, place improvements upon it, and put it in cultivation so that the title could be perfected under the five-year statutes of limitation; that the said Stansberry further agreed to perfect the title as against certain heirs who at that time held a superior claim thereto, in order that the said Gatlin might have a perfect title to the land conveyed. Good further alleged that Gatlin did go into possession of the land and improved it, occupying and paying taxes upon the same, and in all things fulfilled his part of the contract up to the 26th day of January, 1918, when Good went into possession under the same conditions. Under a written contract with Gatlin, dated January 9, 1918, wherein Good agreed to purchase the land in suit, together with certain other tracts, from Gatlin, the latter agreed to and with Good to perfect the title on or before the 20th day of February, 1920, at which time Good was to pay the balance of the purchase money due on the same, said purchase money being evidenced by a note secured by vendor's lien reserved in the deed from Gatlin and wife to Good. He alleged that he had paid the sum of $240 cash upon delivery of the deed; had paid certain taxes; that he went into possession and in all things performed the obligations of the contract made between Gatlin and Stansberry, so that the latter could have title under the five-year statutes of limitations. It is further alleged that Stansberry had attempted to perfect the title by securing a judgment in the district court of Hutchinson county on March 9, 1920, against the heirs of Emma Gracy, deceased. He attacked the validity of this judgment, alleging that

the superior title was still in the said heirs of Emma Gracy. He further pleaded failure of consideration by reason of that fact. He further alleged that Stansberry had acquiesced in his use and occupancy of the land and was thereby estopped from denying his rights under the contract with Gatlin. He further alleged that the contract entered into between Stansberry and Gatlin with reference to perfecting the title was independent of the deed of conveyance in which the vendor's lien was retained. The prayer is for judgment over against Stansberry for the outstanding title in and to the land held by the heirs of Emma Gracy, deceased, and in the alternative that he recover of Stansberry the sum of $660, the value of his improvements and taxes, and the further sum of $840 purchase money paid by Gatlin to Stansberry, in the event the latter should recover the land. Both parties subsequently filed supplemental pleadings without in any way affecting the issues made by their amended original pleadings. Gatlin never filed any answer, and judgment was taken against him by default and against the appellant on his cross-action for purchase money paid; the decree vesting the title to the premises in Stansberry.

[1] The first complaint made by appellant is of the action of the court in overruling his application for a continuance. The application fails to comply with the requirements of the statute in several essential particulars. The record shows no judgment by the court overruling it, though there is a bill of exception in the transcript, in which the fact is recited that the court had overruled it. We doubt if this is sufficient to require us to consider this assignment. In any event, no diligence was shown to get the deposition of Gatlin, nor was there any effort made beyond the issuance of a notice under the statute to obtain his appearance by answer, and the application fails to state that appellant had a reasonable expectation of securing his appearance at the next term of the court. Since Gatlin was a nonresident, it was beyond the power of the court to compel his appearance.

[2] Under the second proposition the appellant contends that the court erred in overruling his plea in abatement because of the nonjoinder of proper parties. The appellant pleaded as follows:

"That there is an outstanding title to the land sued for in said cause in D. B. Gracy, John A. Gracy, David O. Gracy, Richard S. Gracy, and Mary A. Gracy, all of whom are residents of the city of Austin, Travis county, Tex., and who are all proper parties to this suit in order that the equities of all parties may be justly and equitably settled in one cause of action."

This plea was filed at the March term, 1921, of the district court of Hutchinson county. It was not filed in the due order of pleading, nor was it presented to the court until the following term. A plea in abatement because of the nonjoinder of parties which does not allege definitely and specifically the nature and extent of the interest held or claimed by the parties who are not joined is insufficient. State v. Goodnight, 70 Tex. 682, 11 S. W. 119. The appellant relies upon the case of Estell v. Cole, 52 Tex. 170, in which the vendor was alleged and shown to be insolvent, and where the vendee himself made the adverse claimants parties to the suit. It is therefore not authority for sustaining the appellant's proposition under this record, even if the plea had been filed in the due order of pleading and urged at the first term of the court.

[3] The appellant excepted to the appellee's petition for the reason that appellee had failed to offer to do equity to Gatlin and to appellant, since he did not tender into court the purchase money paid him and the money expended by way of improvements and in the payment of taxes. A sufficient answer to this contention is that the record does not show that any sum was ever paid by way of improvements or taxes or even as purchase money. The consideration recited in the deed from Stansberry to Gatlin is $2,840, evidenced by the two notes in suit.

[4] In his original petition Stansberry elected to rescind his contract. In the amended petition, upon which the case was tried, he prayed in the alternative for judgment upon the notes and foreclosure of the lien. As we understand the decisions in this state, he has the right to plead and pray in the alternative in cases of this character. The original cause of action was not prosecuted to judgment, and there has been no election of remedies. Moon v. Sherwood (Tex. Civ. App.) 180 S. W. 296.

[5] Under the fifth and sixth propositions the appellant contends that the notes and deed were not admissible in evidence until the appellee had shown that the title had been perfected in accordance with the contract entered into with Gatlin. In the case of Kauffman & Runge v. Brown, 83 Tex. 41, 18 S. W. 425, the stipulation as to title was contained in the deed. Here there was no such recital in the deed. The agreement in regard to the title was a separate contract and was pleaded by the appellant as a defense; the allegations being denied by appellee. In order to make a prima facie case appellee was required to introduce only the notes and deed. He could not be forced to disprove the appellant's allegation with reference to the agreement to perfect the title before these instruments were admissible. Default in the payment of the notes was shown by the production of the notes themselves by the appellee.

[6, 7] The seventh and eighth propositions are predicated upon the court's action in excluding the testimony of Good to the effect that Gatlin told him that the title to the

land would be perfected at the next term of the court; that it was a tax title, and that Gatlin said he was holding the title under Stansberry; that he had a contract with Stansberry concerning the land and undertook to give the terms of the contract as they were stated to him by Gatlin. He further offered to testify as to the terms of the contract between himself and Gatlin, in virtue of which he went into possession of the land and to tell what had been done by them under the contract. The statements made by Gatlin to Good in the absence of Stansberry were hearsay and could in no way affect the appellee's right to recover. Nor does it appear from the record how the appellee's right is in any way prejudiced by the contract and subsequent dealings between Gatlin and appellant without his consent.

[8] During the progress of the trial it appeared to appellant that it was necessary for him to prove the terms of the original contract between Stansberry and Gatlin, and he desired also to introduce in evidence the judgment and proceedings had in the district court of Hutchinson county, in the case of Stansberry v. Gracy; the validity of this judgment being attacked in his pleadings. He felt that he further needed the record of the evidence offered in the above case by Stansberry to sustain his suit to perfect his title against the Gracys. Neither Stansberry nor Gatlin were in attendance upon the court, and appellant made a motion to postpone the trial from 4:30 o'clock in the afternoon until 9 o'clock the following morning in order to procure a certified transcript of such proceedings. This motion was overruled, and such ruling is made the basis of the ninth proposition. In his qualification of the bill of exception the court stated that no equitable reason was shown for a postponement; that there was neither pleading nor proof to show how an oral contract for sale of land could be material as against the plaintiff seeking to recover the land as vendor; that Good did not show how he was surprised by the absence of this testimony; that he had no right to expect the plaintiff or Gatlin to appear in the case, and had made no effort to take their depositions, and the testimony which counsel hoped to procure by the postponement was now shown to be admissible against the appellee; that no assurance was given the court that it could be obtained within the time, and no reason given why it was not procured in time for the trial. The matter of postponing the trial under such circumstances is ordinarily within the sound discretion of the trial judge. Unless it clearly appears that such discretion has been abused, it is not cause for reversal by this court.

We find no reversible error, and the judgment is affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes