## STANOLIND OIL & GAS CO. et al. v. STATE.

### Motion No. 12824.

### No. 7174.

Supreme Court of Texas.

April 14, 1937.

For original opinion, see 101 S.W.(2d) 801.

Turner, Rodgers & Winn, of Dallas, and Clay Tallman and Donald Campbell, both of Tulsa, Okl., for plaintiff in error Stanolind Oil & Gas Co.

Robert T. Neill, of San Angelo, for plaintiffs in error J. A. Chapman et al.

J. B. Dibrell, Jr., of Coleman, and John Sayles and Jack Sayles, both of Abilene, for plaintiff in error Permian Oil Co.

R. E. Seagler and Lee M. Sharrar, both of Houston, for plaintiff in error Humble Oil & Refining Co.

Thompson, Mitchell, Thompson & Young and Truman Post Young, all of St. Louis, Mo., for plaintiff in error Shell Petroleum Corporation.

George T. Wilson, of San Angelo, for plaintiff in error Yates.

R. C. Gwilliam, of Tulsa, Okl., for plaintiff in error Marathon Oil Co.

Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, for plaintiff in error Empire Gas & Fuel Co.

John Perkins, of Midland, for plaintiff in error Humble, etc.

Vinson, Elkins, Sweeton & Weems and C. E. Bryson, all of Houston, and R. W. Adams, Jr., of Fort Worth, for plaintiff in error Pure Oil Co.

Walter L. Kimmel, of Tulsa, Okl., for plaintiff in error Hargrove Hudson.

Hiner & Pannill, of Fort Worth, for plaintiffs in error Peerless Oil Co. et al.

Smith & Smith, of Fort Worth, for plaintiff in error Southland Royalty Co.

W. A. Keeling, of Austin, Francis H. DeGroat, of Duluth, Minn., Charles A. Holden, of Tulsa, Okl., John M. Davenport, and Gibbs & Williams, all of San Angelo, for plaintiff in error Douglas Oil Co.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error Sims Oil Co.

D. B. Hardeman, of San Angelo, for plaintiff in error Cornell.

William McCraw, Atty. Gen., and H. Grady Chandler and Russell Rentfro, Asst. Attys. Gen., Hart Johnson, of Fort Stockton, Mark McMahon, Warren Scarborough, and Cantey, Hanger & McMahon, all of Fort Worth, and C. W. Trueheart, R. L. Ball, and Ball, Seeligson & Trueheart, all of San Antonio, for the State.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, as amici curiæ.

HICKMAN, Commissioner.

In our original opinion this language appears: "In its petition the State alleged that the southeast corner of survey 70 is located at the car spring corner. Its case rests upon the fact that it is an established original corner. Upon the trial some evi-

dence was offered tending to place its location a few varas distant from the car spring, whereupon the State filed a trial amendment adopting that point in the alternative, as the true location."

The State is not entitled to so liberal an interpretation of its trial amendment. That pleading is expressed in this language: "In the alternative that if it be held that the southeast corner of Survey 70, Block 1, I. & G. N. R. R. Co. be located on the ground at a point about 12 varas west from the old mound of stone in which a car spring has recently been driven, or at a point which is 50 varas west and 47.3 varas north from said old mound of stone in which a car spring has recently been driven, then the beginning point or northwest corner of the land here sued for should and may be ascertained by locating said beginning point at a point on the ground 4112 varas west and 6121 varas south from the point so held to be the southeast corner of said Survey 70. The description of the land sued for being otherwise identical with that set out in plaintiff's Fourth Amended Original Petition."

An analysis of that language shows that the State does not allege in the alternative that the southeast corner of survey 70 is at any other point than the car spring corner. The alternative therein mentioned is one of locating the land sued for in the event it be held (contrary to the State's contention) that the car spring corner is not the true corner. The State by its pleading is definitely committed to the proposition that the car spring corner is the true corner. In its brief filed in the Court of Civil Appeals it devotes considerable space to a discussion of a proposition expressed by it in this language: "S. E. 70 is definitely located on the ground at the car spring corner as a matter of law."

With such a pleading in the record and such a proposition in its brief the State cannot be heard to say that the trial court erred in its failure to submit to the jury the issue of the true location of that corner.

We agree with the contention that an issue of fact was presented as to the exact distance north and south between the south line of survey 70 and the south line of survey 61, but, taking the distance as the shortest one testified to by any witness, the most favorable construction from the State's viewpoint, and prorating the excess thus resulting between the intervening surveys, no vacancy exists between the south line of the T. C. Railway Company surveys and the most southerly north line of the Yates survey No. 34½. We reannounce this conclusion after a most careful consideration of the interesting theories advanced in the motion for rehearing in the light of the evidence bearing thereon.

In view of the contentions on rehearing we make the observation that our opinion is not to be construed as a fact finding as to the location on the ground of the southeast corner of survey 70. That issue was not submitted to the jury in the trial court and the evidence is conflicting with reference thereto. We simply hold that the State cannot complain in this proceeding of our action in deciding this case on the basis that the car spring corner is the true one, in view of its pleadings and contentions in the lower courts.

Certain individuals have filed, by permission of the court, a brief, as friends of the court, which evidences that they are apprehensive lest the sketch inserted in our original opinion be construed as a finding of fact in other litigation now pending. It would seem that a vacancy has been decreed, or that it is sought to have one decreed, between the eastern boundary line of T. C. Railway Company survey No. 104 and the most northerly west boundary line of Yates survey No. 34½. The sketch inserted in our opinion shows an adjoinder of those surveys. Of course, the decision in this case should not be construed as a determination in favor of or against the existence of such a vacancy. That question was not before us for decision. The sketch used in our opinion was not an official map and did not purport to be. We referred to it in our opinion as a sketch. It was taken from one of the numerous briefs filed in this case, and was inserted because it depicted more clearly than other maps the conflicts which would result from a construction of Runnels County School Land survey No. 3 in accordance with the opinion of the Honorable Court of Civil Appeals. 96 S.W.(2d) 297. We did not, and do not now, vouch for the accuracy of that sketch.

We further observe that our opinion is not to be construed as a determination against plaintiffs in error of the question of judicial estoppel urged by them in their several applications for writs of error. Because of our holdings on the questions

discussed we did not, and do not now, pass upon that question.

The case has been carefully reconsidered on rehearing, but we are firmly convinced that no error was committed by the trial court and the motion for rehearing is accordingly overruled.

Opinion adopted by the Supreme Court.