William A. FULLER, Appellant,

v.

Jack WILKIE et al., Appellees.

No. 3809.

Court of Civil Appeals of Texas.

Eastland.

June 28, 1963.

Rehearing Denied Sept. 6, 1963.

Carter, Gallagher, Jones & Magee, Dallas, for appellant.

Rosenfield, Berwald & Mittenthal, Dallas, for appellee Jack Wilkie.

William P. Gibson and Wallace G. Malone, Dallas, for appellee Texaco, Inc.

WALTER, Justice.

William A. Fuller filed suit against Jack Wilkie and Texaco, Inc., for breach of contract. The court sustained the defendants' motions for summary judgment and denied the motion of plaintiff for a partial summary judgment. The plaintiff has appealed.

Fuller alleged that he purchased a service station business from Wilkie at 9507 Garland Road in *Dallas*, and that Wilkie agreed not to re-enter the filling station business within a radius of three miles from such address within two years from the date of the agreement. He further alleged that Texaco and Wilkie knowingly conspired to break and did break the contract and that he was damaged thereby.

Wilkie and Texaco pleaded that Don Fuller, a son of appellant, executed a release of the restrictive covenant.

Appellant filed a motion for a partial summary judgment and relied on the depositions of Pendell Pittman, Jack Wilkie and W. A. Fuller. He sought a judgment that the waiver executed by Don Fuller was not, as a matter of law, a defense to his cause of action because it was executed without consideration and Don had no authority to execute the waiver.

The last paragraph of Wilkie's contract, which was not dated, with Fuller was as follows:

"And also as part of the consideration of this sale, it is agreed and understood that I, the said Jack Wilkie, will not go back in the service station business within three miles of 9507 Garland Road and a period for two years."

Wilkie filed an answer to Fuller's motion and a verified motion for a summary judgment and relied on the release of the restrictive covenant. He alleged that the release was executed by William A. Fuller, acting by and through his partner and son, Don Fuller; that Don Fuller was expressly or impliedly authorized to execute the release; that William A. Fuller clothed his son with actual and apparent authority to execute the release. Wilkie relied on appellant's deposition; an application by appellant to the Comptroller of Public Accounts for the State of Texas for a license; a Limited Sales Tax Permit from the Comptroller, and appellant's reply to Texaco's request for admissions in support of his motion. Texaco's motion for a summary judgment alleged that the release was

binding upon appellant because it was executed by Don Fuller either as a part owner or with full authority.

 The issue involved is whether Don Fuller had authority to execute the waiver of strict compliance with the agreement. We have concluded that the record discloses that he had such authority and affirm the judgment.

Approximately two months after the transfer of his station to Fuller, Wilkie opened a new filling station within approximately 2.6 miles of the station he sold to Fuller. Don Fuller executed an instrument waiving the 3 mile provision in the original contract.

William A. Fuller testified in his deposition that he told a representative of Texaco that his son, Don Fuller, would be in charge of the station and that he did not place any limitation on what his son could do for him while he was operating the station.

In his verified reply to Texaco's request for admissions, Fuller admitted that he signed an application to the State for a license to operate the business and listed W. A. and Don Fuller as the owners; that he received a Limited Sales Tax Permit from the State which listed W. A. and Don Fuller as the owners and that it was displayed at the service station. Appellant did not deny under oath the allegation of partnership nor reply to appellees' motion for summary judgment.

 In Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415, 418, the court said: "Citing from Stanolind Oil & Gas Co. v. State, 1940, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569 (1), 570: 'The authorities hold that where a litigant admits positive and definite facts, which if true would defeat his right to recover, and such statements or admissions are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, he is conclusively bound by such admissions, and cannot successfully complain if the court directs a verdict against him,' citing numerous authorities from Texas and other cases."

After the appellees made out their case, it was incumbent upon appellant to come forward with some evidence if he expected to defeat the motion. Our Supreme Court in the case of Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951, said: "If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come forward with 'evidence' sufficient to raise that question."

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.