## SMITH et al. v. LINTON.
### No. 10820.

Court of Civil Appeals of Texas. Galveston.
June 15, 1939.

Rehearing Denied July 13, 1939.

Wiley B. Thomas, of Groveton (Pitts & Liles, of Conroe, of counsel), for plaintiffs in error.

Crow & Chessher, of Groveton, for defendant in error.

MONTEITH, Chief Justice.

This is an appeal by writ of error in a trespass to try title suit brought by plain-

tiffs in error, A. J. Smith and L. S. Stanford, against defendant in error, Vernon Linton, for the title and possession of 320 acres of land out of the Upper de la Jarza League survey in Trinity County, Texas, and for damages. Primarily the case is one of boundary. In its final analysis the appeal involves the true location of the western boundary line of the 320-acre tract of land in controversy belonging to plaintiffs which is the eastern boundary line of a 163-acre tract belonging to defendant. The parties will be designated in this opinion as in the trial court.

In their original petition, plaintiffs sought an order restraining defendant from removing -timber from said land. They prayed for damages for timber cut and removed and for judgment for the title and possession of the land in controversy.

By amended answer and cross-action defendant pled general denial, not guilty, the 3, 5, and 10 years statutes of limitations, and agreed boundary, acquiescence and valuable improvements, and disclaimed interest in all portions of the land in controversy except so much thereof as might conflict with the Kennedy and Middleton 319 acre tract. He alleged the ownership in himself, describing it by field notes, of a 163 acre tract of land, more or less, out of said 319 acres, lying directly west of plaintiffs 320-acre tract. By supplemental plea defendant impleaded the Federal Farm Mortgage Corporation of Houston and L. H. Brosemer and Albert A. Smith and their wives as warrantors.

By supplemental petition plaintiffs set up a former judgment—No. 6263 in the District Court of Trinity County.

The cause was tried to a jury, who, in answer to one of the special issues submitted found the true westerly boundary line of plaintiffs' 320-acre tract to be the most easterly of two lines as claimed by defendant. Based on the answer to said special issues, judgment was entered establishing said boundary line as claimed by defendant.

By deed not dated but acknowledged April 6, 1918, Lewis H. Brosemer and Albert A. Smith conveyed to R. C. Healy the 320 acres of land described in plaintiffs' petition. This tract of land passed by mesne conveyances into plaintiffs. The land is described as being 320 acres in the A. M. DeLaJarza Upper League and described by metes and bounds as follows:

"Beginning at the S.W.Corner of the Upper DeLaJarza League, the same being the N.W.corner of the Lower A.M.DeLaJarza League Survey on the eastern bank of the Trinity River, a stake for corner; Thence up said river with its meanders as follows: N. 59 W. 320 varas N. 89 W. 218 varas N. 80 W. 367 varas a stake for corner; Thence N. 1 W. 1362 varas, a stake for corner on the S. B. line of another tract of 160 acres on said Upper League; Thence N. 89 E. with said S. B. Line 360-3/10 varas, to the S.E. corner of same on the W.B.line of a 100 acre tract on said Upper League, sold to R.L.Linton, a stake for corner; Thence S. 1 E. with said W.B. line 68 varas to the S.W.corner of same, a stake for corner; Thence N. 89 E. with the S.B.line of said 100 acre tract 564-5/10 varas the S.E.corner of same on the W.B. line of a 320 acre tract surveyed for McCormick, a stake, whence a 14 in.Ash bears N.50½ E.5 varas, a 20 in. Red Oak bears S.18-¼ W. 4 vrs; Thence S. 1 E. with said W.B.line of the 320 acre tract, 380 vrs. the S.W.corner of same, a stake for corner; Thence S.89 E. with the S.B. line of said 320 acre tract 425 varas. a S. E.corner of same on the W.B. line of a 1280–acre tract on said Upper League; Thence S. 1 E. with the W.B. line of said 1280 acre tract 1161 vrs. to the S.W. corner of same on the S.B. line of said Upper League and the N.B.line of said Lower deLaJarza League, a stake for corner; Thence S.89 W.with said line, 500 varas to the place of beginning."

By deed dated April 29, 1933, L. H. Brosemer and Albert A. Smith and their wives conveyed to W. T. Kennedy and J. E. Middleton a 319-acre tract out of said DeLaJarza League described as follows:

"Beginning at the S.W.corner of a 76 acre tract of land on the A.M.DeLaJarza upper League survey in Trinity County, Texas, known as the S.C.Rock land, a stake on the bank of the Trinity River;

"Thence N. 89 E. with the S.B.line of said 76 acre tract 564.5 vrs the S.E.corner of same, a stake for corner;

"Thence S. 1 E.with the W.B.line of a 160 acre tract on said league at 172 vrs the S.W.corner of same, a stake for corner;

"Thence N. 89 E. 1578 vrs to the N.W. corner of the McCormick 320 acre tract on said league, a stake for corner;

"Thence S. 1 E.with the W.B.line of said 320 acre tract 1362 vrs the S.W.

corner of same on the bank of the Trinity River, a stake for corner;

"Thence Up with the meanders of said river as follows: N.80 W. 163 vrs, N.72 W.240 vrs, N.59 W.397.6 vrs, N. 59 W. 910 vrs, N. 51 W. 79 vrs, N. 58 W. 500 vrs, N. 24 W. 250 vrs, N. 20 W. 217 vrs to place of beginning. Containing 319 acres, more or less, according to the survey thereof."

By mesne conveyances the easterly 163 acres of said 319-acre tract passed into V. L. Linton, defendant herein. Said 163 acres is described as follows:

"Beginning at the N.W. corner of the McCormick 320 acre survey on said league, a stake for corner;

"Thence S 1 E with the W.B.line of said 320 acre tract, at 1362 vrs the S.W. corner of same on the bank of the Trinity River, a stake for corner;

"Thence up said river, with its meanderings, as follows: N 80 W 163 vrs, N 72 W 240 vrs, N 59 W 397 vrs, N 60½ W 30 vrs, to the S.E. corner of a 161.6 acre tract on said league;

"Thence N 1 W, with the E. B. line of said 161.6 acre tract, 1028 vrs a stake in the S. B. line of a 160 acre tract on said league, same being the N. E. corner of the 161.6 acre tract;"

The record unquestionably shows that the 320-acre tract in controversy is a prior survey to said 319-acre tract. This is borne out by the fact that the fourth call in the description of said tract is: "Thence N. 89 E. 1578 varas to the N. W. corner of the McCormick 320 acre survey (plaintiff's 320 acre tract) on said league, a stake for corner." In the deed by which defendant acquired said 163 acre tract the description calls to begin "at the N.W.corner of the McCormick 320 acre survey on said league, a stake for corner." The next call in said field notes is: "S 1 E. with the west boundary line of said 320 acre tract, at 1362 varas, the S.W. corner of the same on the bank of the Trinity River."

■■■ In the case of Kirby Lumber Co. v. Gibbs Bros. & Co., 14 S.W.2d 1013, 1014, by the Commission of Appeals, the Court in its opinion says: "There can be no possible overlapping of acreage where the junior survey expressly calls to begin at the senior. Where the senior line is established, the junior begins and the calls for distance and acreage of the junior

must yield accordingly. A call for an adjoinder is like a call for a natural or artificial object, and any conflicting call for course, distance, or acreage, and the like, must yield." This rule is followed by the Supreme Court in the case of the Stanolind Oil & Gas Company v. State, 129 Tex. 547, 101 S.W.2d 801, 808, 104 S.W.2d 1.

■■■ 7 Tex.Jur., page 178, lays down the following rule: "The lines and corners of adjoining surveys may be the subject of call as well as other objects, and when so used fall within the category of artificial objects. Such a call is given effect even though the adjoining survey is invalid, was abandoned, or was made by mistake, or by a person other than a surveyor; the question is not as to the validity of the survey, but rather where the surveyor or grantor did place, or meant to place, the subsequent tract."

It is held in the case of Stanolind Oil & Gas Co. v. State, supra, that: "The fact that this method of constructing survey 3 results in giving some excess (less than 5 per cent.) in distance between its north and south lines, does not balance the considerations which call for a construction by giving effect to the calls for adjoinder."

■■■ Since under the above authorities, the west boundary line of plaintiffs' 320-acre tract and the east boundary line are identical, the primary purpose of this inquiry is to ascertain where on the ground the surveyor actually ran the lines of plaintiffs' 320-acre tract. In order to determine this question any call sufficiently clear and definite to fix the location of a particular corner of the tract in question may be utilized. In this case the south east corner of the 320-acre tract in controversy is fixed on the south boundary line of the upper DeLaJarza League S. 98 W.500 vars. from its beginning corner on the eastern bank of the Trinity River.

S. J. Coates, a witness for plaintiffs, testified that he located this corner 485 varas from the Trinity River. The three surveyors who testified as to the location of the 320-acre tract in controversy, Coates, who testified for plaintiffs, and Dunlap and Dominy, who testified for defendant, all located said corner on the dividing line between the Upper and Lower DeLaJarza Leagues, and there is very little conflict insofar as their testimony is concerned in reference to the beginning corner of the tract on the Trinity River. The witnesses for defendant, however, fix the S.E.

corner of said tract at a point on the south boundary line of said DeLaJarza league 721 varas from the east bank of the Trinity River, a distance of 221 varas in excess of the call for distance in said deed. The record shows that there are no natural objects on the ground and none are called for in said deed at either the 500 varas called for in the deed, at 485 varas, the point at which plaintiffs' witness Coates locates this corner, or at 721 varas, the corner at which the witnesses for defendant, Dunlap and Dominy, locate said corner, therefore the call for the approximate distance of 485 varas from the river, as fixed by witness for plaintiffs cannot be disregarded and must prevail.

■ Under the above facts, we are of the opinion that it can be determined from the description in plaintiffs' deed where the surveyor actually located said land, and it being uncontroverted that said 320-acre tract of land is a prior survey, there was no fact to be submitted to the jury and the location of said 320-acre tract of land is to be determined, as a matter of law, from the undisputed evidence.

Under the above conclusions, plaintiffs' assignments of error to the effect that the judgment in cause No. 6263 was res adjudicata as to the present cause of action and that defendant's disclaimer as to the land involved in this controversy failed to describe the land disclaimed, are, we think, immaterial.

Defendant seriously contends that this court is without jurisdiction to review this case for the reason that writ of error was not sued out within six months after the rendition of the final judgment in the trial court.

■ An examination of the record discloses that the trial of this cause was completed and that the jury returned its verdict on Friday afternoon, September 24, 1937, at Groveton, Texas; that no judgment was prepared or signed at that time and that, immediately after said verdict was returned into court, the trial judge left Groveton and returned to his home at Huntsville, and did not return to Groveton until Monday, September 27, 1937, at which time the judgment which had been prepared by counsel for defendant and which recited the entry of said judgment on September 24, 1937, was presented to the court and was in fact signed by him on September 27th, 1937. A motion was made to the court by counsel for plaintiffs to correct said judgment so that it might show the date on which it was actually signed by the court and filed by the district clerk. On June 11; 1938, an order was entered by the court directing the clerk of the district court of Trinity County to correct the filing date on the outside of such judgment so that the same would show September 27, 1937, instead of September 24, 1937. Under the above facts we are unable to sustain defendant's contention that this court has no jurisdiction to review this case.

Under the conclusions reached as above indicated, the facts appearing to have been fully developed herein, it is our duty to sustain the contentions of plaintiff in error and to reverse the judgment of the trial court and to here render judgment for plaintiff in error, and it is so done.

Reversed and rendered.

### On Defendant in Error's Motion for Rehearing.

■ Our attention has been called to the fact that in our original opinion we stated that, "By supplemental plea defendant impleaded the Federal Farm Mortgage Corporation of Houston and L. H. Brosemer and Albert A. Smith and their wives", and that while above parties were named as cross-defendants by defendant Vernon Linton, no service was had on any of said parties and that they did not file answers or appear as parties to the suit.

While the record shows that by first amended answer and cross-action, filed September 14, 1936, defendant Vernon Linton impleaded the Federal Farm Mortgage Corporation and Lewis H. Brosemer and wife, Hanna D. Brosemer, and Albert A. Smith and Della L. Smith as cross-defendants, there is no showing that any of said parties either filed answers or appeared as parties to the suit, and none of said parties are mentioned in the judgment rendered by the trial court, nor were any of them made parties to this appeal.

Under the above state of facts it is not contemplated that the judgment of this court shall in any way bind or affect the Federal Farm Mortgage Corporation, Lewis H. Brosemer and wife, Hanna Brosemer, Albert A. Smith, or Della L. Smith, since none of said parties are parties to this appeal and it does not bind or affect them.

We have carefully considered the motion for rehearing of defendant in error. We find no error in our former opinion and the motion for rehearing is overruled.

Overruled.