### VERNON LINTON V. A. J. SMITH ET AL.

No. 7644. Decided July 23, 1941.
Rehearing overruled October 15, 1941.
(154 S. W., 2d Series, 643.)

*Crow & Chessher,* of Groveton, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that it had jurisdiction to try the case even though the writ of error was sued out after the expiration of six months after final judgment in the trial court. Hamilton Motor Co. v. Muckelroy, 46 S. W. (2d) 451; Coleman v. Zapp, 105 Texas 491, 151 S. W.

1041; City of Panhandle v. Bickle, 31 S. W. (2d) 845; 3 Tex. Jur. 276.

*W. B. Thomas,* of Groveton, and *Pitts & Liles,* of Conroe, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

A. J. Smith et al were plaintiffs in the trial court, plaintiffs in error in the Court of Civil Appeals, and are defendants in error here. It is thought that our opinion can be more easily followed by designating them as plaintiffs and the plaintiff in error, Vernon Linton, as defendant. The only question which we find it necessary to decide is the question of whether or not the Court of Civil Appeals ever acquired jurisdiction of this case. The opinion of that court appears in 130 S. W. (2d) 1108.

It is disclosed by the judgment in the trial court that the case came on for trial on September 24, 1937; that demurrers were presented and rulings made thereon; that a jury was empaneled, and that later on the same day it returned a verdict on special issues. The judgment contains this further language: "* * * It is therefore ordered, adjudged and decreed by the court on this the 25th day of September, A. D. 1937, that * * * ." The file mark on the back of the judgment was September 24, 1937. The plaintiffs, who were unsuccessful in the trial court, filed their motion for new trial on September 25, 1937. That motion contained this language:

"Now comes the plaintiffs in the above numbered and entitled cause and moves the court to set aside the verdict of the jury and judgment of the court rendered herein on the 25th day of September, A. D. 1937 and grant them a new trial for the following reasons to wit:"

Plaintiffs' petition for writ of error and the writ of error bond were filed on March 26, 1938, one day more than six months after September 25th, 1937, the date of the judgment. In their petition they stated that "* * * heretofore, to-wit, on the 24th day of September, A. D. 1937, a judgment was rendered * * *." In their writ of error bond filed on the same day they recited "* * * on the 25th day of September, 1937, the said Vernon Linton recovered a judgment * * *." Thereafter, when plaintiffs presented the transcript and statement of facts

to the Court of Civil Appeals for filing, the same were rejected and not filed because it was disclosed by the transcript that the writ of error was not sued out within the six months time allowed by law. Article 2255, R. C. S. 1925. Thereafter, plaintiffs filed in the trial court their motion to correct the file date on the judgment. The opening paragraph of that motion was as follows:

"Now comes the plaintiff in the above numbered and entitled cause and shows to the court that the filing date on the judgment rendered in this cause at the September term of said court, A. D. 1937, is in error in this, to-wit: The file date on this judgment shows to have been September 24, 1937, and in support of plaintiff's contention that the same is erroneous and was not filed until the 28th day of September, A. D. 1937, and was, in fact, not signed by the court until the 28th day of September, A. D. 1937, plaintiff, through his attorney, would represent to the court as follows:"

The prayer of the motion was as follows:

"Wherefore, plaintiff moves the court to order the clerk of said court to correct said file date and cause the same to be shown filed as of the 28th day of September, 1937."

After a hearing on said motion the trial court entered its order thereon on the 11th day of June, 1938, as follows:
"It is, therefore, the ORDER of the Court that the Clerk of the District Court of Trinity County, Texas, be and he is hereby directed to correct the filing date on the outside of such judgment so that the same will show September 27, 1937, instead of September 24, 1937."

Thereafter, a supplemental transcript was tendered to the Court of Civil Appeals in which were contained copies of the motion to correct the file date, objections of the defendant thereto, the order directing the clerk to correct the file date, and a bill of exceptions taken by defendant, Linton, to the whole proceeding with reference to the correction of the file date. After the supplemental transcript was tendered to the Court of Civil Appeals that court permitted the filing thereof, together with the original transcript and statement of facts. Plaintiffs promptly filed their motions to dismiss the appeal for want of jurisdiction, which motion was overruled. That ruling was duly assigned as error in the brief before the case was submitted, but the assignment was overruled. The question for

decision is whether, under the record as presented, the writ of error was sued out in time. Article 2255, R. C. S. 1925, provides:

"The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered."

**1, 2** It has long been well settled that under this article time is reckoned from the date of the rendition of the main judgment and not from the date of the order overruling the motion for new trial. 3 Tex. Jur. Sec. 181, pp. 276-277.

We recently reviewed the question of what is meant by rendering a judgment in the case of Simpson et al v. Charity Benevolent Association, Inc., opinion released on May 28, 1941. (This volume 215, 152 S. W. (2d) 1093.) In that opinion we' reaffirmed the rule announced in Coleman v. Zapp, 105 Texas 441, 150 S. W. 1040, and reaffirmed the holding in Kittrell v. Fuller, 281 S. W. 575 (error refused) in which that rule was applied. In our opinion we quoted from each of said cases and since that opinion has not yet been officially published, and may not, therefore, be readily available to all parties, we here reproduce the quotation from the Coleman-Zapp case as follows:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded."

The application of the foregoing rule to the record before us leads to but one conclusion, and that is that the writ of error was not sued out in time.

The plaintiffs in their motion to the trial court, above referred to, did not seek any modification of the judgment, but only a decree ordering that the date of the file mark be changed. The order of the court upon the motion in no sense modified the judgment or amended any part of the record pertaining to the date of the rendition of the judgment, but merely ordered the clerk to correct the file date on the outside of the judgment so as to show that same was filed on September 27th, instead of September 24th. So far as the question for decision is concerned, the order was with reference to an immaterial matter. The date from which the time to sue out a writ of

error began to run was the date of the rendition of the judgment and not the date of the filing of the judgment prepared by counsel with the clerk of the court for entry on the minutes. That is no longer an open question.

We are invested with no discretion in the premises, for the statute above copied (Art. 2255)) is mandatory and jurisdictional. It fixes the limit of time within which a writ of error may be sued out, and courts have no authority to extend that time even for one day. The Court of Civil Appeals never acquired any jurisdiction of this case.

It is our order that the judgment of the Court of Civil Appeals be reversed and that the appeal be dismissed.

Opinion adopted by the Supreme Court June 23, 1941.

Rehearing overruled October 15, 1941.