

# The Attorney General of Texas

April 11, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Evans
Chairman
Committee on House Administration
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-145

Re:  Acquisition of land for Gateway State Park

Dear Representative Evans:

You ask whether certain property, established as Gateway State Park, may be deeded to the state in parcels at various times or only in whole in a single conveyance. Additionally, you ask whether the state may accept only land that is connected to described land. We conclude that the state may acquire described land in more than one conveyance, but that only connected lands may be so acquired.

House Bill No. 2061, Acts 1983, Sixty-eighth Legislature, chapter 983, at 5354, established Gateway State Park to consist of all land described in House Bill No. 63, Acts 1979, Sixty-sixth Legislature, chapter 542, at 1131. House Bill No. 2061 repealed section 1(c) of House Bill No. 63 but left the remainder of the act intact. House Bill No. 63 contains the authorization for and the method of acquiring land for the park:

> Section   1.   (a) The   Parks   and   Wildlife
> Department shall accept and may record as and when
> offered any conveyance to the State of Texas of
> land and improvements on land:
>
> (1)  described in Subdivision (1), Section 2 of
> this Act;
>
> (2)  having a boundary that is contiguous with
> or adjacent to a boundary of the land described in
> Subdivision (1), Section 2 of this Act;
>
> (3)  having a boundary that is contiguous with
> or adjacent to the boundary of land accepted under
> Subdivision (2) of this section or under this
> subdivision; and

(4) described in Subdivision (2), Section 2 of this Act.

(b) Acceptance under this Act may be accomplished without regard to whether the conveyance of land that may be accepted is made in one or more instruments executed at different times.

. . . .

Sec. 2. Section 1 of this Act refers to the following property:

(1) [land described by metes and bounds, 'tract 1']

(2) [land described by metes and bounds, 'tract 2']

Sec. 3. The Parks and Wildlife Department may acquire and record other property which is contiguous with or adjacent to the property described or provided for in this Act, to be used for park purposes . . . . (Emphasis added).

Sections 1(a) and 1(b) of House Bill No. 63 read together specifically authorize acceptance of land described therein "as and when offered . . . without regard to whether the conveyance of land that may be accepted is made in one or more instruments executed at different times." Thus, the state may acquire authorized land in parcels. However, House Bill No. 63 limits the particular parcels that may be so acquired.

House Bill No. 63 mandates acceptance of land described by metes and bounds in subdivisions (1) and (2) of section 2 (tracts 1 and 2), land with a boundary that is "contiguous with or adjacent to" tract 1, and land with a boundary that is contiguous with land which is connected to tract 1 and which is "accepted." Additionally, section 3 of House Bill No. 63 authorizes acceptance of land contiguous to land described as tract 2.

Although "adjacent" does not always mean actual contact, "contiguous" means more than near; it means touching at a point or along a boundary. City of Safford v. Town of Thatcher, 495 P.2d 150, 153 (Ariz. Ct. App. 1972); Black's Law Dictionary (5th ed. 1979). Texas courts also use "adjacent" to describe land that is touching. See Carlton v. Marshall, 208 S.W.2d 661 (Tex. Civ. App. - Austin 1948, writ ref'd n.r.e.); Smith v. Linton, 130 S.W.2d 1108 (Tex. Civ. App. -

Galveston 1939), rev'd on other grounds, 154 S.W.2d 643 (1941). House Bill No. 63, section 1(d), defining "contiguous" and "adjacent" together, explains them as follows:

> For the purposes of this Act, boundaries are considered to be contiguous or adjacent where each follows the right-of-way of a public roadway, including the Dallas-Fort Worth Turnpike, or a river channel, or are separated only by the public roadway or the river channel. (Emphasis added).

Section 1(d) indicates that the presence of a narrow, intervening interest in land such as state ownership of the beds of navigable streams, see Coastal Industrial Water Authority v. York, 520 S.W.2d 494 (Tex. Civ. App. - Houston [1st Dist.] 1975), aff'd, 532 S.W.2d 949 (1976), will not prevent land from being "contiguous." If the legislature found it necessary to specify that tracts are not prevented from being "contiguous" or "adjacent" when separated by a river channel or a roadway, it probably intended both "contiguous" and "adjacent" to mean touching. Thus, under House Bill No. 63, the state may acquire only property that is physically touching tracts 1 and 2. As indicated previously, the state must accept land connected to tract 1 and may accept land connected to tract 2. However, House Bill No. 63 also mandates acceptance of additional contiguous land with regard to tract 1.

Texas courts treat "contiguous" as bordering a specified lot or as bordering another lot which borders the specified lot; thus three tracts may all be "contiguous" with each other in the sense that one tract borders on a middle tract which in turn borders on another tract. Railroad Commission v. Lone Star Gas Co., 587 S.W.2d 110 (Tex. 1979). Although, under Texas law, "contiguous" embraces the idea of numerous tracts being "contiguous" by relation, House Bill No. 63 specifically authorizes acceptance of an expanding group of contiguous parcels only with regard to tract 1. Subdivisions (2) and (3) of section 1(a) authorize acceptance of land

> (2) having a boundary that is contiguous with or adjacent to a boundary of the land described in Subdivision (1), Section 2 of this Act; [and]

> (3) having a boundary that is contiguous with or adjacent to the boundary of land accepted under Subdivision (2) of this section or under this subdivision; (Emphasis added).

In contrast, section 3 provides:

> The Parks and Wildlife Department may acquire
> and record other property which is contiguous with
> or adjacent to the property described or provided
> for in this Act, to be used for park purposes.

Although section 3 includes the words "or provided for," the Bill
Analysis states that section 3 means that the

> Parks and Wildlife Department may acquire and
> record other property contiguous or adjacent to
> property described in this Act, to be used for
> park purpoes.

Additionally, the specific mandate for acceptance of expanding
contiguous tracts applies only to tract 1; thus, by negative
implication, the concept of expanding contiguous tracts does not apply
to tract 2.

Thus, the state must accept, first, land described herein as
tracts 1 and 2; second, land that is connected to tract 1; and third,
land that is contiguous in turn with land which is connected to tract
1 and which has already been accepted. Additionally the state may
accept land that is connected to tract 2.

If any authorized "expanding" contiguous land is offered in
multiple conveyances, the state may accept only those portions which
are connected to middle parcels that are already accepted and are
connected to tract 1. Sections 1(a) and (b) of House Bill No. 63 only
authorize acceptance of land described therein

> as and when offered . . . without regard to
> whether the conveyance of land that may be
> accepted is made in one or more instruments
> executed at different times. (Emphasis added).

Therefore, acceptance of contiguous tracts by parcel is limited to
acceptance of contiguous parcels. Without assurance that parcels will
be physically connected, except as provided for roadways and
waterways, the state cannot rationally fulfill the purpose of House
Bill No. 63 and House Bill No. 2061, mandating acceptance and
development of all specified land as a park.

### S U M M A R Y

> The property specified in House Bill No. 63,
> Acts 1979, Sixty-sixth Legislature, chapter 542 at
> 1131, and established as Gateway State Park by
> House Bill No. 2061, Acts 1983, Sixty-eighth
> Legislature, chapter 983, at 5354, may be deeded

to the state in parcels.  However, except as provided for roadways and waterways, the state must accept, first, land described herein as tracts 1 and 2; second, land that is connected to tract 1; and third, land that is contiguous in turn with land which is connected to tract 1 and which has already been accepted.  Additionally, the state may accept land that is connected to tract 2.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton