Dean v. Dunnahue 






MOTION DENIED AND APPEAL DISMISSED
SEPTEMBER 20, 1990
Â 
NO. 10-90-142-CV
Trial Court
# 43,164
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

JUDITH E. DEAN,
Â Â Â Appellant
v.

T.I. DUNNAHUE,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 40th Judicial District Court
Ellis County, Texas

* * * * * * * * * * * * *

This is an attempted appeal by writ of error from a judgment
rendered and signed by the trial judge on January 8, 1988. The
petition for writ of error was filed in the trial court on June 26,
1990. Appellant Judith E. Dean moves for an extension of time for
filing the record on appeal. We deny the motion and dismiss the
appeal for want of jurisdiction.
"In a case in which a writ of error to the court of appeals is
allowed, the writ of error may be taken at any time within six
months after the date the final judgment is rendered." V.T.C.A.,
Civil Practice & Remedies Code Â§51.013. This time table is
mandatory and jurisdictional to the appeal, and the courts have no
authority to extend the time for suing out the writ of error. 
Linton v. Smith, 137 Tex. 479, 154 S.W.2d 643, 645 (1941); Barrera
v. Barrera, 668 S.W.2d 445 (Tex.App. 13 Dist. 1984, no writ).
The motion is denied and the appeal is dismissed for want of
jurisdiction.
PER CURIAM
DO NOT PUBLISH



;font-family:Palatino'>Â 

Ann Troutmen,

   Appellee

Â 

Â 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 06-02-17447-CV

Â 



CONCURRING Opinion










Â 

Â Â Â Â Â Â Â Â Â Â Â  If I were writing on a clean slate, I would
affirm the trial courtÂs determination.Â  Specifically, I would find that
probable cause existed for Troutman to report the evidence in her possession to
the appropriate authorities.Â  This is made more clear when you consider that
Troutman is an attorney and is, presumably, more likely to be aware that
forgery is not limited to signing someone elseÂs signature, but can also be the
use of a document, passing, by a person who knows the signature is not
authentic or uses a document for an unauthorized purpose.Â  See Tex. Penal Code Ann. Â§ 32.21 (Vernon Pamp. 2010).

Â Â Â Â Â Â Â Â Â Â Â  But I do not write on a clean slate.Â 
Based on my review of the case authority, I believe the elements of probable
cause and malice have become largely redundant in a case with facts such as those
before us.Â  If we cannot clearly separate the element of probable cause from
malice, in a case like this where there seems to be an abundance of evidence of
ill will between the parties, it will be impossible to not have some evidence
of the lack of probable cause; but it is the same as the evidence of malice.

Â Â Â Â Â Â Â Â Â Â Â  I would separate these elements by
making the lack of probable cause element be an objective test:Â  Would a
reasonable person, essentially a magistrate, who knew the facts known to the
complainant, have probable cause to believe that a crime had been committed?Â 
If we apply the same test in civil cases as we do in criminal cases to the
question of probable cause, the actorÂs subjective motives are not considered
in determining probable cause.Â  See Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).Â  After all, in the
civil context of malicious prosecution, there is a separate element to consider
that; the malice element.

Â Â Â Â Â Â Â Â Â Â Â  Thus, I would join the three justice
on the Texas Supreme Court who have stated

A re-examination of our holding that lack of
probable cause will support an inference of malice without further examination
of the evidence may well be in order.

Â 

Kroger v. Suberu, 216 S.W.3d 788, 798 (Tex. 2006) (Justice Johnson dissenting, joined
by Justices Medina and Wainwright).

Â Â Â Â Â Â Â Â Â Â Â  This case presents the inverse of KrogerÂs
inference of malice.Â  It is the ability to show malice from which an inference
of the lack of probable cause is being drawn.Â  As indicated, I would clearly
separate the two with objective and subjective analysis, respectively.Â  Without
such a separation, we risk keeping a person who has a history of a bad
relationship with another person from reporting an actual crime due to the fear
of being sued for malicious prosecution if the person is acquitted Â as
distinguished from being innocent.Â  See Kroger at 792 fn 2.Â  But also,
as indicated, I do not write on a clean slate and, accordingly, concur in the
CourtÂs opinion and judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Concurring
opinion delivered and filed November 17, 2010