No. 2332.

## WM. HARRIS & SON *v.* B. D. CRARY ET AL.

1. PARTNERSHIP—CHARGE OF THE COURT.—A petition in an action on account alleged that the defendants were partners, and that they held themselves out as such. This was denied, under oath. The verdict of the jury found that there was no partnership. The evidence adduced on the trial only tended to establish a secret partnership. *Held,* that there was no error in charging the jury that unless they believed there was an actual partnership between the defendants, they would find for one of the defendants (being the one to whom the goods were not charged), and in refusing to charge to the effect that they should find against both defendants if they believed that they held themselves out to third persons as partners. There was no evidence that they had so held themselves out.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

*R. H. Leonard,* for appellant.

*O'Brien & John,* for appellee.

GAINES, ASSOCIATE JUSTICE.   This suit was originally brought by appellants against appellees to recover a certain store account. The petition charged defendants as partners. This was denied, under oath, and, at the fall term, 1885, of the district court, a judgment was rendered in favor of plaintiffs against both defendants.

Defendant Crary appealed, and, at the last term of this court, at this place, in an opinion not reported, this court held the evidence insufficient to show a partnership, and reversed the judg-

ment and remanded the cause. The cause was again tried, at the spring term, 1886, of the district court, and resulted in a judgment in favor of appellants against appellee Sessler, but against them and in favor of appellee Crary.

The assignments of error complain of the action of the court below in charging the jury that unless they believed that an actual partnership existed between the defendants, they would find for the defendant Crary, and in omitting and refusing to charge to the effect that they should find against both defendants, should they believe that defendants held themselves out to third persons as partners.

The petition alleged both that defendants were partners, and also that they held themselves out as such; and the charge was clearly erroneous if there was evidence sufficient to show prima facie that there was any declarations or conduct on part of Crary, or on part of Sessler, with his knowledge, that should reasonably have induced appellants to consider them as partners in the business which Sessler was prosecuting. The testimony offered by plaintiffs to show an actual partnership was somewhat stronger upon the second than upon the former trial of the case. But the verdict of the jury is against its sufficiency, and we can not say it is contrary to the evidence upon that issue. But the testimony adduced bearing upon the question of partnership in so far as it showed anything pertinent to the issue, tended to establish an actual secret partnership. This, as we take it, is the direct opposite of an ostensible partnership. The former exists when one is really participating in the profits and loss of an enterprise carried on by another, and withholds a knowledge of the fact from the public; the latter takes place when one who has no actual interest in a business says he is a partner with another, or knowingly permits such other in any manner to use his name as a member of the firm in order to obtain credit.

The goods and money in the account were originally charged to Sessler alone. No witness ever heard either Sessler or Crary say they were partners, though several seemed to think such was the fact. Sessler, book keeper, testified that the business of Sessler was done in his own name, and that if Crary ever had any connection with it as a partner he did not know it. But we may say, in brief, that if any partnership existed between appellees it was very carefully concealed.

There being no evidence, therefore, that defendants ever held

themselves out as partners, the court did not err in refusing to give the instructions asked by appellants.

There being no error in the judgment, it is affirmed.

*Affirmed.*

Opinion delivered February 15, 1887.