## BATES et al. v. SOUTHWESTERN PLASTERING CO. (No. 6763.)

(Court of Civil Appeals of Texas. San Antonio. May 31, 1922. Rehearing Denied June 28, 1922.)

**Contracts ⊂⊃346(16) — Where both express and implied contract pleaded, recovery may be had on proof of either.**

A plaintiff who has declared on both an express contract and implied contract could prove either of the contracts and recover thereon.

Appeal from District Court, Tarrant County; Ben. M. Terrell, Judge.

Action by the Southwestern Plastering Company against L. Joe Bates. Ellis Boyd intervened as a party defendant. Judgment for plaintiff, and defendants appeal. Affirmed.

Turner & Turner, of Fort Worth, for appellants.
Prewitt & Dunaway, of Fort Worth, for appellee.

FLY, C. J. This is a suit instituted by appellee against L. Joe Bates to recover the value of material furnished and work performed in plastering the residence and garage of Ellis H. Boyd, in the sum of $1,998.-95. The petition alleged:

"That heretofore in Tarrant county, Tex., between November 10, 1919, and February 14, 1920, the plaintiff, at the special instance and request of defendant, furnished the material and performed the work and labor necessary for the plastering of the Boyd residence and garage in the city of Fort Worth, Tex., as set out in attached statement, marked Exhibit A for identification and made a part of this petition, in consideration whereof the defendant then and there promised plaintiff to pay it the several sums of money charged therefor in said statement or account specified, amounting to the sum of $1,998.95, such payment to be made at the completion of the job."

Boyd intervened in the suit. The cause was submitted to a jury on special issues, and, upon the answers thereto, a joint judgment was rendered against L. Joe Bates and Ellis Boyd for the sum of $1,760.81, with 6 per cent. interest from date of judgment.

The allegations quoted hereinbefore declare

on an express contract, and the allegations that the material furnished and the labor performed were reasonably worth the total amount charged for them did not weaken or impair the declaration on an express contract, nor are the inconsistent allegations in the supplemental petition sufficient to destroy the suit on an express contract. The judgment has a basis both in the pleadings and responses of the jury to the special issues. There is no statement of facts, and the only point presented is that the appellee pleaded an implied contract, and the jury found an express contract. Much of the brief of appellants is devoted to quoting authorities and argument to the effect that allegation and proof must correspond, and we readily concede that point without authority or argument, just as we would the proposition that it takes two or more persons to make a contract.

Appellants filed an attack on the pleadings of appellee on the ground that there was a misjoinder of actions, in that there was one declaration on an express contract and another on an implied contract. The attack was not pressed, and no action of the court was invoked thereon. The supplemental petition did not take the place of the original petition as an amended petition would have done. The pleading does not purport to be an amendment, and does not have the requisites of an amended petition.

Appellee, having declared on both an express and implied contract, could prove either of the contracts and recover thereon. Morrison v. Bartlett (Tex. Civ. App.) 131 S. W. 1146; Thames v. Clesi (Tex. Civ. App.) 208 S. W. 195.

The judgment is affirmed.