## HOFFMAN et ux. v. KORP & MURRAY TOOL CO. et al. (No. 1481.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1923.)

1. **Appeal and error ⬅⬤➡933(5)—Where evidence not in record, it will be presumed it failed to substantiate appellant's grounds for new trial.**

On appeal from an order denying a new trial, where the evidence is not in the record, it will be presumed that it failed to substantiate the grounds stated in appellant's motion.

2. **Appeal and error ⬅⬤➡544(1)—Court's failure to file findings of fact and conclusions of law not reviewable in the absence of exceptions.**

The court's failure to file findings of fact and conclusions of law cannot be reviewed, in the absence of bill of exceptions to the court's action in the premises.

3. **Husband and wife ⬅⬤➡239—In action against husband and wife, where coverture is shown on face of petition, personal judgment against wife is error.**

In an action against a husband and wife, where the coverture of the wife is shown on the face of the petition, a personal judgment against the wife is erroneous.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by the Korp & Murray Tool Company against P. L. Hoffman and wife, and the defendants vouched in T. G. Jackson and another. Judgment for plaintiff and cross-defendants, and defendants appeal. Affirmed in part, and reversed and rendered in part.

Butts & Wright, of Cisco, for appellants.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellees.

HIGGINS, J. The Korp & Murray Tool Company sued Mr. and Mrs. Hoffman upon a verified account. The defendants, by their attorneys, answered, and also vouched in T. G. Jackson and Jackson Oil Company, who answered.

Upon trial all parties appeared except Hoffman and wife, who failed to appear either in person or by their attorneys.

Whereupon judgment was rendered in favor of the plaintiff against the Hoffmans and in favor of the cross-defendants upon the cross-action, the judgment reciting that

It was rendered after hearing the pleadings and evidence. Motion for new trial was filed in due time by Hoffman and wife, setting up the reasons for their failure to appear and the failure of their attorney and that they had a good defense.

[1] The action of the court in overruling the motion for new trial presents no error because: First, the excuse shown for their failure and the failure of their attorney to appear is insufficient; second, the record fails to show the evidence adduced in support of the motion, and in support of the court's action it will be presumed that the evidence failed to substantiate the grounds stated.

[2] The assignment complaining of the court's action in failing to file findings of fact and conclusions of law cannot be reviewed in the absence of a bill of exception to the court's action in the premises. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581.

[3] The petition upon its face discloses the coverture of Mrs. Hoffman and alleges no facts which would render her personally liable in view of her status as such. The court erred in rendering a personal judgment against her as complained of in the second assignment. Poe v. Hall (Tex. Civ. App.) 241 S. W. 708.

The judgment against Mrs. Hoffman will be reversed and rendered in her favor.

In all other respects the judgment is affirmed.

Reversed and rendered in part; affirmed in part.