**1**

Ex parte J. E. WEBER. (No. 10901.) Court of Criminal Appeals of Texas. April 13, 1927. Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge. Mack Taylor, of Fort Worth, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. Since the filing of his application for a writ of habeas corpus in this court, the relator, through his counsel, has filed a written motion, duly verified, requesting the withdrawal of his said application. The request is granted, and the appeal is ordered dismissed.

---

**2**

Charlotte D. ELLIS, Appellant, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Appellee. (No. 7767.) Court of Civil Appeals of Texas. San Antonio. April 20, 1927. Rehearing Denied May 18, 1927. Appeal from District Court, Nueces County; W. B. Hopkins, Judge. E. B. Ward, of Corpus Christi, for appellant. John H. Bickett, Jr., and E. D. Henry, both of San Antonio, for appellee.

FLY, C. J. The record in this case was filed in this court on February 2, 1927, and was set down for submission on April 13, 1927, and no brief was filed in the cause by appellant until April 12, 1927, the day before the cause was submitted. No reason has been assigned for a failure to file the briefs before that time. The briefs were not filed in compliance with the law. Article 2283, Rev. Stats. of 1925. Appellee has filed a motion to dismiss the appeal on account of the failure to file briefs on time, and, an investigation of the record not disclosing fundamental error, the motion will be granted, and the appeal dismissed.

---

**3**

R. E. MITTANCK, Appellant, v. J. P. ELLIS, Appellee. (No. 7775.) Court of Civil Appeals of Texas. San Antonio. May 4, 1927. Appeal from Cameron County Court; Oscar C. Dancy, Judge. Spears & Montgomery and C. C. Bowie, all of San Benito, for appellant. Duval West, Jr., of Harlingen, for appellee.

COBBS, J. Appellee sued appellant for the sum of $200 for professional services. R. E. Mittanck, appellant, employed J. P. Ellis, appellee, an attorney, to advise with him and effect a settlement, if possible, of a certain threatened action by a woman named Minerva Geschiedle, as well as the dismissal of another suit by the same woman, against J. W. Spradley, a relative of Mittanck, in which latter suit Mittanck was indirectly involved. The nature of these suits is not material to the present controversy, and it suffices to say that they involved alleged relations between Mittanck and Miss Geschiedle, which the former was desirous should receive no publicity. It was agreed that, if Ellis could induce the opposite party to withdraw the Spradley suit, and refrain from filing the proposed suit against Mittanck, and deliver over to Mittanck certain letters, documents, and a photograph of himself, and waive all claims, etc., he (Mittanck) would pay Minerva Geschiedle $1,000 in cash, and would pay his attorney, Ellis, $200 for his services. Appellant filed various special exceptions, which the court overruled, and we find no reversible error committed thereby. The case being tried by a jury, the court submitted special issues, which were answered in favor of appellee, that appellee complied with his undertaking. The proof supports the findings of the jury. This is a county court case, and we have carefully examined the record, and we believe the case was fairly tried, and, substantial justice having been done between the parties, the judgment is affirmed.

---

**4**

TURNER MERCANTILE COMPANY and J. F. Turner, Appellant, v. MERCHANTS' & PLANTERS' STATE BANK OF WINNSBORO, Appellee. (No. 3369.) Court of Civil Appeals of Texas. Texarkana. April 14, 1927. Rehearing Denied April 28, 1927. Appeal from Wood County Court; H. V. Puckett, Judge. M. D. Carlock, of Winnsboro, and Pierson & Pierson, of Dallas, for appellant. W. D. Suiter, of Winnsboro, for appellee.

HODGES, J. The Merchants' & Planters State Bank of Winnsboro, plaintiff below, sued the appellant, Turner, on a note for $630.62, together with interest and attorney's fees. Turner answered by a general denial and pleaded offsets and payments amounting to the sum of $342.47. He also pleaded that the bank was not the owner of the note. In a trial before the court without a jury, some of the offsets pleaded by Turner were allowed, and a judgment rendered in favor of the bank for the remainder. There is no statement of facts in the record, and no findings of fact and conclusions of law were filed by the trial court. In his first assignment the appellant complains of the refusal of the court to file findings of fact and conclusions of law, but the record contains no bill of exceptions, and that assignment must be overruled. Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581; Hoffman v. Korp & Murray Tool Co. (Tex. Civ. App.) 251 S. W. 823. The judgment is affirmed.