**JOHNSON AIRCRAFTS, Inc., v. EICH-HOLTZ.**

No. 14759.

Court of Civil Appeals of Texas. Fort Worth.

May 3, 1946.

Rehearing Denied May 31, 1946.

Mack Taylor, of Fort Worth, for appellant.

Walter B. Scott and Joe F. Orr, both of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee was plaintiff below, alleging that he was employed by defendant (the appellant here) as an engineer, that the employment continued for a stated period, and that defendant agreed to pay plaintiff the sum of $300 per month for his services. Plaintiff alleged in the alternative that he performed the services described at defendant's special instance and request, that defendant accepted and reaped the benefit of such services, and that plaintiff's services were of the reasonable value of $300 per month. The case was submitted to the jury on five special issues, which called on the jury to find: (1) whether plaintiff and defendant entered into a contract whereby defendant employed plaintiff to render services for it as an engineer and agreed to pay him therefor the sum of $300 per month; (2) whether plaintiff rendered the services he was employed to render; (3) the beginning and ending dates of the period of service; (4) whether plaintiff performed such services at the instance and request of the president of the defendant company; and (5) the reasonable worth of the services performed. The jury found the sum of $1717.50 in answer to the last issue. Judgment was rendered in favor of plaintiff for the sum of $1693.54. The judgment recites that the plaintiff in open court made remittitur of $23.96 to be deducted from the $1717.50 found by the jury as the reasonable worth of the services rendered. The judgment recites in full the issues submitted to the jury and the answers to the issues, and unless it be by implication from the recital in the judgment concerning the remittitur, there is nothing to indicate whether the court rendered judgment on the findings of the jury in answer to the first three issues, which were to the effect that there was an express contract of employment at a stipulated salary, or on the findings of the jury in answer to the fourth and fifth issues, which, taken alone, would indicate a verdict on the quantum meruit count of the petition. It may be observed, however, that a computation reveals that a salary of $300 per month for the period of employment found by the jury would aggregate the sum for which judgment was awarded, to-wit, $1693.54.

Appellant presents six points of error. The first point of error, so-called, is merely an abstract proposition of law to the effect that there cannot be an express contract and an implied contract with respect to the same thing or the same matter at the same time. The answer to the proposition, as applied to the present case, is that plaintiff pleaded his case in the alternative, and the pleaded alternatives were submitted to the jury, as authorized by practice of long standing. Rule 48, Texas Rules of Civil Procedure. As was said in Fant v. Andrews, Tex.Civ.App., 46 S.W. 909, 910: "It is no objection that the plaintiffs sought to recover both upon an express contract and upon quantum meruit. They might allege both, and recover as the evidence might show."

Many other cases could be cited to the same effect.

Under its second point appellant urges that it was error to permit a recovery on the basis of quantum meruit for services where the evidence shows only an express contract. As has been said, the jury found an express contract to pay a salary of $300 per month, and so far as we can tell the judgment may have been rendered on that finding. If we are to indulge any presumptions in such a situation, they will be those which tend to support the action of the court below.

The third point reads as follows: "Where the plaintiff relies on an express contract it is error to submit an issue to the jury on the basis of quantum meruit."

No reversible error is shown in this respect. As has been said, plaintiff pleaded in the alternative. Plaintiff testified that he had an express contract, but this

was contradicted by testimony offered by defendant. To put it another way, there was evidence from which the jury might have found an express contract to pay $300 per month, and other evidence from which the jury might have found facts constituting a basis for a quantum meruit recovery. When, however, the issues submitted to the jury are examined, it will be found that there is no actual inconsistency between the several answers of the jury to the special issues. In answer to the first three issues, the jury found an express contract of employment at an agreed salary of $300 per month. In answer to the fourth they found that plaintiff performed services at the special instance and request of the president of the defendant company. The finding is not necessarily inconsistent with the finding of an express contract of employment, even though it might have served as a basis for recovery had the jury not found the express contract. The finding that the services performed were reasonably worth slightly more than the salary agreed upon is not in conflict with the finding that there was an express contract of employment at an agreed salary. Even if the pleadings and the evidence had not authorized the case to be submitted on the quantum meruit count, we cannot see that appellant was prejudiced by the submission of the alternative theory of recovery to the jury. No reversible error is shown unless it appears that the error complained of amounted to such a denial of the rights of appellant as was calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434.

The fourth point relates to the matter just discussed, and for the same reasons is overruled.

■ Under the fifth point error is charged in the admission of evidence of the nature and value of the services alleged to have been performed, in view, allegedly, of the failure to establish an implied contract of employment. We overrule the contention because, as we have said, there was evidence from which the jury might have believed that plaintiff was employed by defendant, but that the amount of the salary was not expressly agreed upon. The fact that plaintiff testified that the amount of the salary was agreed upon did not preclude submission to the jury, and therefore admission of evidence, as to the reasonable value of the services, in view of the possibility that the jury might believe that there was not an agreement to pay a salary of $300 per month.

■ The sixth point charges that it was error to permit a witness to testify as to the value of a certain character of services, when the question propounded by the examiner assumed facts which had not been proved, and when the witness did not show himself qualified. We think that reversible error is not shown for two reasons: First, the judgment may well have been rendered on the finding of an express contract of employment at an agreed salary, in which event the error if any would be immaterial. Second, we have examined the record, and think that any objection to the testimony in question goes to its weight rather than to its admissibility.

Reviewing the case as a whole, it is seen that appellant presents no points of error here complaining of the manner of submitting the issues inquiring about the making of an express contract, nor of the answers of the jury to these issues. The judgment is in harmony with these findings, and, so far as we can tell, may have been rendered on that portion of the verdict. In such event, the questions relating to the trial of the alternative count would present no reversible error. But, as indicated above, we have found no reversible error even if we assume that judgment was rendered on the alternative count.

The judgment is affirmed.