Kemper **WILLIAMS, Appellant,**

v.

**Perry MORROW, Appellee.**

No. 12723.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1954.

Rehearing Denied Dec. 8, 1954.

Joe E. Kelly, Victoria, for appellant.

J. Barney Daniel, Edward L. Dunlap, Victoria, for appellee.

POPE, Justice.

The trial court instructed a verdict against appellant, Kemper Williams, who had brought suit against Perry Morrow for a claimed balance of $847.61, owed for various kinds of insurance coverage on a fleet of trucks and automobiles owned by Morrow. The suit was for debt. Morrow asserted various defenses, but relied chiefly on the grounds that he offered to buy insurance within the area known to the insurance business as Zone Three and at rates fixed for that zone only. He asserted that appellant, Williams, wrote the insurance for Zone One, which includes Tarrant, Dallas and Harris Counties, and that such insurance bore a much higher rate. He asserted that he never contracted to purchase insurance applicable to Zone One, and that he is not liable for such insurance.

After appellant presented his case in chief, the trial court withdrew the case from the jury and awarded judgment in favor of the appellee, Morrow. The proof supported the defense, for appellant answered affirmatively that Morrow wanted his public liability insurance restricted to Zone Three. After Williams wrote the insurance covering Zone One, Morrow protested. Williams answered affirmatively the question whether Morrow then told him, "I don't want this type of insurance because I can't afford to pay those kind of premiums." Appellant's proof showed that Morrow paid two premium installments, but did so upon appellant's promise to obtain a rate adjustment in conformity to Zone Three rates. Those payments did not amount to more than was chargeable for Zone Three insurance. Upon appellant's failure to make the rate adjustment, Morrow refused to make any further payments. The whole record shows that Morrow ordered insurance for Zone Three, that he never varied that offer, nor agreed to ac-

cept Zone One insurance. This defense was proved from the mouth of appellant. Appellant's own testimony destroyed his claim. When a party testifies to positive and definite facts, which if true would defeat his right to recover, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith he is bound by such admissions and cannot successfully complain if the court directs a verdict against him. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 26, 133 S.W.2d 767, 145 S.W.2d 569.

The judgment is affirmed.