Harold J. LOZANO, Jr., Appellant,

v.

John VIVIAN, Appellee.

No. 12857.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1955.

Rehearing Denied June 1, 1955.

Lee Minner, San Antonio, for appellant.

Wolff & Wolff, Alexander Fraser, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a judgment for $17,854.17, principal, interest and attorneys fees, due upon a certain promissory note dated August 7, 1953, executed by Defendant, Harold J. Lozano, Jr., and payable to the order of plaintiff, John Vivian. A foreclosure of a deed of trust lien upon certain real property located in McLennan County, Texas, was also decreed as against Lozano and one Billy Tubb, who had been made a party to the suit in order that his rights in and to the property might be determined.

The issue primarily involved upon this appeal is the liability of Lozano for the attorney's fees awarded in the judgment. It seems to be the contention of appellant that the time of payment of the note was extended to some time in July, 1954. He pleaded the extension was until July 10th, but the most his evidence purports to establish is an extension until July 6th. The execution of and the liability upon the note were admitted by Lozano and further settled by an interlocutory summary judgment which left the matter of attorney's fees open for litigation before final judgment was rendered.

Appellant presents three points, viz.:

"1. That the trial court erred when it denied the appellee trial by jury; when the jury fee had been paid long prior to date, set for trial and said cause was placed on the jury Docket, and was on the jury docket at the time of trial.

"2. Was tender of Payment of principal and interest made by Appellant to Appellee before due date?

"3. When Tender of Payment of principal and interest (without attorney fees) was made in Court on day of trial and accepted by Appellee; was Appellant entitled to a reasonable time to bring the money into court in view of the past repeated refusal to accept same by Appellee?"

As to the first point, the final judgment recites that a jury had been waived. Appellant in his brief with no record support, asserts he did not waive a jury. Mere assertions in the brief cannot impeach the verity of solemn recitals of the judgment, and the point is overruled.

The second and third points are unusual in that they are couched in the form

of questions. We pass over the matter of their sufficiency, as these inquiries are squarely answered by the findings of the trial judge made in pursuance to appellant's request.

We have examined the findings of fact and conclusions of law prepared by the trial judge. The findings are supported by the evidence and they in turn fully support the conclusions of law expressed and the judgment rendered. Such findings and conclusions are adopted by this Court and the judgment is accordingly affirmed.