Ted MUSICK et al., Appellants,

v.

Tom M. POGUE, Appellee.

No. 13512.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 4, 1959.

Rehearing Denied Dec. 16, 1959.

Robert H. Heath, Musick, Musick & Heath, Houston, for appellants.

Lyman & Sudduth, Corpus Christi, for appellee.

POPE, Justice.

Tom M. Pogue sued and recovered judgment for attorney's fees in Nueces County against Ted Musick, LeVoy Musick and Bob Heath, a firm of lawyers in Houston, Texas. Defendants failed to appear at the hearing of their pleas of privilege on October 17, 1958, and, though they answered, again failed to appear when Pogue recovered judgment on the merits, December 22, 1958. They moved for a mistrial on December 24, and on January 21, 1959, moved that the judgment be vacated. The trial court, after hearing, overruled the motions for mistrial and to vacate. This is an appeal from the judgment rendered on December 22, 1958.

To clarify the rather complex record, we eliminate any matters with respect to the bill of review of the order of the trial court overruling the pleas of privilege. The order recites that appellants agreed by letter that the pleas might be heard in their absence. Appellants filed a motion for mistrial and also a bill of review with respect to the order on the pleas, but have brought nothing forward which in any way rebuts the findings in the order with respect to the agreed date and hearing. Farmer v. Cassity, Tex.Civ.App., 252 S.W.2d 788.

Appellants contend that the court erred in overruling appellants' motions for mistrial and to vacate the judgment, because (1) there was no proof that the case was properly set and appellants notified, (2) there was no proof of a partnership between appellants, and (3) the trial court's findings of fact with respect to the reasonable value of Mr. Pogue's services, as a basis for an implied contract are supported by no evidence and are against the great and overwhelming weight of the evidence.

Appellants urge that the judgment was taken against them at a time when the cause was not properly set for trial and that they were not notified of the setting.

Appellants answered but did not appear for trial. The judgment recites that the case was regularly called for trial, in accordance with notices for setting properly made and given to all parties. Within time, appellants filed two motions, one designated as a motion for mistrial and the other called a motion to vacate the judgment. The trial court correctly treated the motions as adequate motions for new trial. It heard evidence on appellants' motions and then overruled them. What appellants proved upon the hearing has not been brought to this Court by a statement of facts. Appellants demanded findings of fact, and the court found as a fact that "the Defendants were properly notified in accordance with the rules of procedure adopted by and provided for the District Courts of Nueces County, Texas." The only record of evidence brought forward to this Court is the statement of facts when the judgment was rendered on December 22, 1958.

■ Appellants relied upon factual matters which are not apparent of record and, in fact, are contrary to the judgment findings. In such case a motion for new trial is a proper procedure. Rule 325, Texas Rules of Civil Procedure. But the evidence relied upon to set aside or change the judgment must be presented to the appellate court before that court can determine that there was error in the trial court's ruling which was calculated to injure appellants. Lozano v. Vivian, Tex.Civ.App., 287 S.W. 2d 561; Harmon v. City of Dallas, Tex. Civ.App., 229 S.W.2d 825; Hoffman v. Korp & Murray Tool Co., Tex.Civ.App., 251 S.W. 823; 3 Tex.Jur.2d, Appeal and Error—Civil, §§ 431, 434.

■ Appellants complain further that there was no evidence of partnership, and that the finding of partnership is against the great weight and preponderance of the evidence. Appellee, Pogue, sued Ted and LeVoy Musick and Bob Heath as law partners. He testified that Ted Musick called him from Houston and identified himself

as one of the lawyers in the firm of Musick, Musick and Heath. Ted Musick later came to Corpus Christi and conferred at length with Mr. Pogue. He spoke freely about the law firm and its law practice. All of the correspondence with Pogue was on letterheads which carried the name of "Musick, Musick & Heath." See Edwards v. West Texas Hospital, Tex.Civ.App., 89 S.W.2d 801, 806. Pogue testified that Mr. Ted Musick had written him that if the case was settled they would expect to pay a reasonable price for the work he had done by way of assisting them. He testified that all of the pleadings were filed by and in the name of the firm, and that he examined the whole file. Ted Musick, LeVoy Musick and Bob Heath, each served Pogue with notice of intention to take his own oral deposition "at the offices of Musick, Musick & Heath." In all of their dealings with Pogue, each appellant knowingly held out that the three appellants were practicing law under a partnership name and as a partnership. Harris v. Crary, 67 Tex. 383, 3 S.W. 316. Pogue proved an ostensible partnership. Hoerster v. Wilke, Tex. Civ.App., 140 S.W.2d 952, affirmed, 138 Tex. 263, 158 S.W.2d 288; R. G. Smith & Co. v. Langever, Tex.Civ.App., 261 S. W. 450; Bivins v. Oldham, Tex.Civ.App., 224 S.W. 240; Bonnet v. Tips Hardware Co., Tex.Civ.App., 59 S.W. 59; 32 Tex.Jur., Partnership, § 32; 40 Am.Jur., Partnership, §§ 72, 178, 191.

Appellants, by five points briefed together, challenge the trial court's findings that the sum of $4,500 was a reasonable, usual and customary fee. They say (1) the findings of fact and conclusions of law merely express an opinion of the trial court, (2) have no evidence to support them, (3) have insufficient evidence of probative value to sustain them, (4) are based on mere whim, speculation, surmise, bias and prejudice, and (5) are contrary to the evidence.

■ In their statement under those points, appellants set forth the evidence of an express contract. In their argument in the brief they urge that Pogue is bound by his testimony about an express contract for a fee of $2,000. We may gauge the scope of the points by looking to the statement and argument. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

The thing which makes this case different from the usual one of "no evidence" or "against the great and overwhelming weight of the evidence," is not that the record is silent about certain necessary proof or does not have enough evidence from the whole record, but that the record contains undisputed and positive evidence which is destructive of evidence which otherwise would be entirely sufficient. Plaintiff pleaded both an express contract and alternatively sought recovery on quantum meruit. The judgment is clearly grounded upon quantum meruit. Of course, it is good practice to plead such causes alternatively. Johnson Aircrafts v. Eichholtz, Tex.Civ.App., 194 S.W.2d 815; Bates v. Southwestern Plastering Co., Tex.Civ.App., 242 S.W. 1081; Morrison v. Bartlett, Tex.Civ.App., 131 S. W. 1146.

■ Mr. Pogue positively and unequivocally proved an express contract. He testified that after the cause was settled he and Mr. Musick went to eat, and he, Pogue, said to him, "The time has really come now to talk about my fee. You are going to get right at $22,000 out of this case." Musick responded, "What do you think your fee ought to be?" Pogue answered that it should be $2,000, and Musick said: "I think that is too much." Pogue said that it was not too much and then, according to Pogue's testimony, Musick said "That is all right with me, if it is all right with you." Pogue then said, "That is fine, Ted, just give me a check when you get your money." He continued, "So we left it at that * * *." In answer to a later question to Pogue, "Did you make repeated demands on them for your $2,000," he answered, "Yes." From this testimony there is a complete express oral agreement with respect to the fee.

The proof of an express contract is clear, positive and unequivocal. It is neither ex-

plained, modified, nor retracted, and Pogue is bound by such statements. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767; 145 S.W.2d 569; Williams v. Morrow, Tex.Civ.App., 272 S.W.2d 909; Zamora v. Thompson, Tex.Civ.App., 250 S.W.2d 626. In United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, Mr. Justice Norvell details the elements of a party's testimonial declarations which bind him. When we lay Mr. Pogue's testimony about an express contract alongside the rules there stated, we conclude that he is bound by his statements.

But Mr. Pogue also proved a cause founded on quantum meruit. He testified that he had conferences with Mr. Musick, that he reviewed the file and discovered a fatal defect in the pleadings and corrected that error. He briefed points of law, prepared a charge for the trial, and obtained and studied a list of 250 jurors to be called for the week. He conducted conferences with opposing counsel. After Pogue's employment and work, negotiations to settle resulted in a $20,000 increase in the settlement figure. The suit was finally settled for $65,000, one-third of which Mr. Musick said would be his fee. Mr. Pogue also obtained a waiver of claims by a necessary party, who had originally been omitted from the pleadings. He testified concerning his own experience as an attorney, and stated that he considered a fee of one-ninth of the recovery as a reasonable fee. He stated that $4,500 was a reasonable fee in Nueces County for work of the nature and success stated. The court gave judgment for a fee of $4,500.

We come then to the problem. When a party definitely proves an express contract and also introduces evidence which supports a recovery upon quantum meruit, may the court grant judgment for the latter? In our opinion, when Mr. Pogue proved the express contract he also proved that there was not an implied one. Mr. Justice Brown in Phoenix Lumber Co. v. Houston Water Company, 94 Tex. 456, 61 S.W. 707, 709, declared: "If there was an express contract, there could be no implied contract arising out of the acts of performance of it. The one is destructive of the other. Two things which cannot coexist will not constitute one and the same thing." And in Johnson Aircrafts v. Eichholtz, Tex. Civ.App., 194 S.W.2d 815, the jury found that there was an express contract and also made findings in support of recovery on quantum meruit. The judgment was affirmed upon the reasoning that it was in an amount permitted by the express contract and it would be presumed that the trial court rendered the right judgment. The general rule, in line with that announced in Phoenix Lumber Co. v. Houston Water Company, supra, is that no contract may be implied where an enforceable express contract exists between the parties as to the same subject matter, and a conflict would result. 17 C.J.S. Contracts §§ 5, 569b, 569c; 7 C.J.S. Assumpsit, Action of § 9c(2) (a). It is also stated in 12 Am.Jur., Contracts, § 7: "There cannot be an express and an implied contract for the same thing existing at the same time. It is only when parties do not expressly agree that the law interposes and raises a promise. No agreement can be implied where there is an express one existing." The judgment, therefore, should have been for $2,000, based upon the express contract, rather than $4,500, based upon quantum meruit.

Mr. Pogue's attorney was allowed a fee of $750 for his services in prosecuting this case. The only attack upon that part of the judgment is that, for several reasons, the evidence does not support the finding of reasonableness for such services in Nueces County. There was competent evidence which would have supported a finding even in excess of that allowed.

We have considered the other points and find them without merit.

The judgment is reformed and affirmed so that Mr. Pogue will recover judgment for $2,000, less $200 already paid on the fee, together with attorney's fee in the sum of $750 in this action. Since appellants in part

prosecuted this cause with success, the costs will be divided equally between appellants and appellee.

On Motion for Rehearing.

Defendants urge that plaintiff elected to pursue his remedy in quantum meruit and thereby lost his right to recover on express contract. One who pleads alternatively for recovery on express contract and on quantum meruit is under no compulsion to elect, but may recover upon either theory proved. Linz v. Eastland County, Tex.Com. App., 39 S.W.2d 599, 606, 77 A.L.R. 1466; Blalack v. Johnson, Tex.Civ.App., 293 S.W. 2d 811, 819; Fant v. Andrews, Tex.Civ. App., 46 S.W. 909; 17 C.J.S. Contracts § 569c; 15–B Tex.Jur., Election of Remedies, § 9; 11 Tex.Law Revue, 218–225.

The motion for rehearing is overruled.