**MIDWESTERN UNIVERSITY LIFE IN-SURANCE COMPANY et al.,**
**Appellants,**

v.

**Edwin R. BETHUNE, Appellee.**

**No. 13615.**

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1960.

Wynne & Wynne, William A. McKenzie, Henry Baer, Dallas, for appellants.

Yarborough, Yarborough & Johnson, Frank Brown, Dallas, for appellee.

POPE, Justice.

Edwin R. Bethune sued Midwestern University Life Insurance Company and Midwestern Security Corporation and recovered judgment for three month's salary in the amount of $825. The parties agreed that the Security Corporation has assumed the liabilities of the Insurance Company, and judgment was rendered against both defendants. A jury found in answer to special issues that Insurance Company orally agreed to hire and pay plaintiff and, on an alternative count, answered issues which would entitle plaintiff to recover by way of quantum meruit. The trial court granted judgment on the findings of an express contract. Johnson Aircrafts, Inc. v. Eichholtz, Tex.Civ.App., 194 S.W.2d 815. Insurance Company attacks the findings of the jury on the grounds that there is no evidence that it employed Bethune, and also that such a finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. Specifically, the Company claimed that its managing general agent, and not the Company itself, was obligated to pay plaintiff's salary. In our opinion, there is evidence in support of the finding of an express contract of employment, and, after viewing all the evidence, the finding is not against the great weight and preponderance of the evidence.

Plaintiff originally worked for Sherritt & Sherritt in Tucson, Arizona. Sherritt and Insurance Company were negotiating about a General Agency agreement and during February, 1957, on Sherritt's orders, plaintiff moved to Dallas where he worked for and was paid by a company controlled by Sherritt. His salary was $275 per month. On March 26, 1957, Company entered into a contract with Sherritt by which he became the Managing General Agent for the Company. One part of that contract provided: "The Company agrees to provide the Managing General Agent with such office space and personnel as may be reasonably necessary in order for him to conduct the business efficiently and further agrees to pay such expenses as may be incurred by him for the benefit of the Company." In addition to this contractual authority, the president of defendant company testified that Sherritt had the power to hire and fire employees for the Company. This testimony is at variance with defendant's position that Sherritt could and did only hire people for himself. The affairs of the Company were administered by the executive committee. Plaintiff testified that on April 1, 1957, the executive committee for the Company met and actually appointed him to work with another employee as an underwriting committee for the Company. This fact was recorded in the Company minutes. Plaintiff also testified that on April 1, in a meeting between the president of defendant company, Sherritt and himself, he was told that commencing on April 15, 1957, the defendant company would pay his salary. Plaintiff worked in the Company offices until July, 1957, did the underwriting for the Company, wrote letters, signed all letters to the insurance department, approved and disapproved the issuance of policies, prepared commissions for the agents and submitted payroll forms, and with the knowledge of the Company signed letters and documents in the name and on behalf of the Company. No one paid his salary after April 1, 1957.

On the basis of this kind of evidence, Sherritt possessed the power to hire and fire personnel for the Company and did hire plaintiff. Moreover, the evidence about the meeting on April 1, though disputed by the president of defendant company, supports the findings of the jury. Dyer v. Sterett, Tex.Civ.App., 248 S.W.2d 234.

The judgment is affirmed.