Stanley C. WOODS, Appellant,

v.

RUSTAY, MARTIN & VALE, Appellees.

No. 118.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 5, 1968.

Rehearing Denied July 3, 1968.

Thomas J. Graham, Houston, for appellant.

James C. Boone, George D. Neal, Houston, for appellees.

SAM D. JOHNSON, Justice.

Appellees, who are registered architects, filed this suit against the appellant, for an architectural fee alleged to be due by appellant under the terms of a written contract for the furnishing of certain preliminary plans, specifications and cost estimates pertaining to the contemplated construction of a proposed building to be erected by the appellant. By the terms of the agreement appellant agreed to pay the sum of $7,500.00 for the architectural services rendered. Appellees pleaded in the alternative that they were entitled to recover the reasonable value of the architectural services rendered. A jury verdict in favor of the appellees was returned. The trial court rendered judgment on the jury verdict in the sum of $7,500.00 plus interest and attorney's fees. From such judgment appellant perfects appeal to this court.

The contract alleged was a letter agreement with two subsequent modifications. The initial letter dated March 23, 1962, was from appellees to appellant wherein the work was described as follows:

"1. Preparation of sufficient preliminary studies and cost estimates to provide you with a basis for decision as to the type and scope of the work.

"2. Developing the approved preliminary plans into final working drawings and specifications, and obtaining additional cost estimates as these progress to assure containment of the project within your budget;"

Thereafter, on April 12, 1962, appellant responded by letter to the previous communication wherein the following modification appears:

"(1) That preliminary studies and cost estimates shall be delivered to Stanley C. Woods within three (3) weeks from date of acceptance of this letter. It is understood that such studies shall be in such form as is normally necessary for use in obtaining a construction loan from a lending agency."

On April 19, 1962, this letter of modification was accepted by the appellee with

the added specification attached to the second letter that:

"If this project is not carried through after the preliminary plans, studies and estimates have been completed and delivered, architects shall be entitled to be paid the sum of $7,500.00."

Pursuant to the agreement on May 18, 1962, appellee did furnish the items called for in the contract. As contingently contemplated in the contract, however, appellant did not carry through or complete the project.

Appellant's first point of error is that the trial court erred in overruling his Motion for Instructed Verdict "because as a matter of law the appellee did not introduce evidence sufficient to go to the jury to prove that appellees' performed the contract made the basis of this suit." Appellant's contention here is that, as the appellee testified, the items furnished would obtain no kind of loan, the appellees did not prove that they performed the contract.

Appellees were asked, "What kind of loan would you say he would get?" Answer: "No kind of loan." He was asked, "What would these (the items furnished) be good for?" He answered, "For obtaining a temporary commitment," and testified that this was the normal, necessary routine in obtaining a loan; that this was the first step in obtaining a temporary commitment. He next testified that all anybody was contemplating or asking for in the way of the preliminary material was a temporary commitment and that "the temporary commitment is to see whether or not the lending institution was interested and whether or not the owner would be able to come up with the difference and would be able to go on." It was appellee's position that the items furnished were in such form as is normally necessary *for use* in obtaining a loan, not that they would support a final loan to be obtained at that time. Appellees' contend that they have fully performed under the agreement and are entitled to the $7,500.00 which the ap-

pellant specified and agreed in his letter of April 12, 1962 to pay the architects.

Additional testimony appears in the record that the items furnished were sufficient to obtain a commitment for a loan from at least five financial institutions engaged in the business of making mortgage loans on such buildings, and that the furnishing of such items as were here supplied by the appellee, was the normal, necessary routine in obtaining a loan. It was further shown that the items here furnished were normally necessary *for use* in obtaining such a loan.

Appellant's point of error, that his motion for instructed verdict was not granted by the trial court must be overruled. "In White v. White, 1943, 141 Tex. 328, 172 S.W.2d 295, our Supreme Court held, in determining whether it was proper to instruct a verdict, that if the record reflects any testimony of probative force, such an instruction would be improper." Shultz v. Resthaven Cemetery, Inc., Tex. Civ.App., 375 S.W.2d 493, 495, writ ref., n. r. e. See also Pan-Am Foods, Inc. v. Perez, Tex.Civ.App., 386 S.W.2d 316, writ ref., n. r. e.; White v. White, supra. There was ample evidence of probative force before the trial court in the instant case.

Appellant's points of error numbers two through seven complain of the trial court's sustaining objections to the questions propounded to appellant's witness, J. D. Weaver, Jr., which prohibited such witness from testifying that such plans were *not* in such form as is normally necessary for use in obtaining a construction loan from a lending agency, which was the real issue in the case. On points of error numbers two, three and four, no bill of exception was taken and it cannot be known what the response of the witness would be. See Bell v. Bradshaw, 342 S.W.2d 185, 190, (C.C.A.Dallas, 1960), no writ hist. "We are not permitted to guess that the answer would have been both material and harmful to appellant. J. Weingarten, Inc. v.

Brockman, 134 Tex. 451, 135 S.W.2d 698." Stewart v. Long, Tex.Civ.App., 394 S.W.2d 25. These points of error are overruled.

On points of error numbers five and six, where a bill of exception was taken, it does not appear that the trial court ever considered the witness Weaver qualified as an expert witness, so as to enable him to respond to the inquiry. Weaver testified that he turned down this particular loan, but it was not made clear that he was knowledgeable about the policies, practices, customs or procedures of the various lending agencies in the vicinity of Houston or Harris County, Texas. He denied specific knowledge of other companies' lending polices, he would not speculate on the outcome of an effort to obtain a loan from others, and he did not profess to be knowledgeable about procedures of other companies. He testified that he had gained a general idea of the general requirements for lending agencies but that he did not know what is normally necessary for use in obtaining a construction loan from lending agencies other than his own. His testimony was closely confined to his own company's lending requirements. It does not appear from the record that the trial court ever considered the witness Weaver to be an expert, and therefore capable of responding to the questions propounded to him in this area of inquiry of what is normally necessary from other companies or lending institutions.

■ "The burden of establishing his (the expert's) qualification naturally rests upon the party offering the alleged expert. Whether the person offered possesses the required qualification is a preliminary question to be determined by the trial judge and should not be left to the jury. In the decision of this question our courts have wisely held that the trial judge has a wide discretion not subject to review in the absence of clear abuse." McCormick & Ray, Texas Law of Evidence, Vol. 1, p.

235, with numerous cases cited therein. We do not find that the appellant ever established the witness' qualifications as an expert. We believe that the trial court did not abuse its discretion in failing to find the witness Weaver was an expert witness qualified to answer the questions propounded to him.

■ In appellant's point of error number eight, complaint is made to the alternative pleading and proof as to the reasonable value of the services rendered by the appellees because there was an express contract between the parties. Appellant contends that in such instance there can be no implied contract to pay the reasonable value of such services. The jury found *under the contract* that the items furnished were in such form as is normally necessary for use in obtaining a construction loan from a lending agency. The judgment was in the amount specified in the contract. The jury additionally found, in the issue on the basis of quantum meruit, that the reasonable cash value of the architectural services furnished by appellees was $7,500.-00.

There is no error shown on the alternative pleading or proof. "It is no objection that the plaintiffs sought to recover both upon an expressed contract and upon quantum meruit. They might allege both, and recover as the evidence might show." Fant v. Andrews, (Tex.Civ.App.), 46 S.W. 909, 910; Johnson Aircrafts, Inc. v. Eichholtz, Tex.Civ.App.; 194 S.W.2d 815, writ ref., n. r. e.; Musick v. Pogue, Tex.Civ.App., 330 S.W.2d 696, writ ref., n. r. e; Roby Industries, Inc. v. Maxwell Electronics Corp., Tex.Civ.App., 409 S.W.2d 559, err. ref., n. r. e.

We have examined the remaining points of error and they are overruled. The judgment of the trial court is affirmed.

Affirmed.